IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

DIAHNA CARROLL )
        Plaintiff )
)
Vs. )
) Case No.
SONNY PERDUE, Secretary )
UNITED STATES DEPARTMENT OF )
AGRICULTURE, RMA )
)
UNITED STATES OF AMERICA )
        Defendant )

COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Dianha Carroll, and for her causes of action against defendants United States Department of Agriculture [hereafter USDA] alleges as follows:

1) **JURISDICTION AND VENUE**

2) Plaintiff has exhausted all administrative remedies in that on October 7, 2019 defendant issued its Final Agency Decision on Plaintiff's mixed claims. That FAD was received by Complainant or her Counsel until December 12, 2019 via email. The FAD originally mailed on October 7, 2019 was mailed to the wrong addresses. Neither Plaintiff nor her counsel were at the address found on the certificate of service. Each had previously made their addresses known to the Agency. A copy of the FAD and the email showing delivery is attached hereto as Exhibit A.

3) Plaintiff timely filed this lawsuit within 90 days of receipt of the FAD.

4) Jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 because Plaintiff asserts federal causes of action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.

1

5) Plaintiff was employed with the Defendant in Kansas City, Missouri. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Missouri, specifically in Kansas City, Missouri.

**PARTIES**

6) Plaintiff is a black female who has participated in prior protected activity. She resides in Missouri.

7) Defendant Perdue, in his capacity as Secretary of the Department of Agriculture, RMA located at the Department of Veterans' Affairs in Washington, D.C.

8) The United States of America and it's Agency, The United States Department of Agriculture, Risk Management Agency [hereafter USDA] is located at 6501 Beacon Drive, Kansas City, Missouri.

**ALLEGATIONS COMMON TO ALL COUNTS**

9) Plaintiff was a Management Analyst (GS-0343-12) USDA, FSA, Agricultural Marketing Service (AMS), Commodity Management Support Branch (CMSB) in Kansas City Missouri.

10) Plaintiff had been in her position for more than twenty years and with the USDA for approximately 28 years.

11) Plaintiff experienced race, age and sex discrimination continuously during her time with the USDA.

12) Plaintiff has filed a previous EEO complaint against the Agency regarding race and sexual harassment against a white male division chief that was resolved in her favor. Since that time, one of those who have been involved in harassing Plaintiff on an ongoing basis has

cohabited with the white division chief and has engaged in harassment and retaliation against the Plaintiff.

13) The last incident of harassment occurred on or about May, 2017 when Ms. Graves, a white female, accused Plaintiff of defacing property. Ms. Graves reported the alleged conduct to the Branch Chief of the division in which both Plaintiff and Ms. Graves worked.

14) Upon receipt of that report, management immediately contacted Security and the Emergency Preparedness Division. Plaintiff was interrogated for over an hour and issued a citation indicating that she had defaced property and impeded the performance of official duties of a governmental employee.

15) Management conducted no investigation into the matter but instead elevated it to the Emergency Preparedness Division.

16) Plaintiff did not and could establish that she was not present at the time that the alleged defacing occurred and could not have engaged in that behavior.

17) The Agency did not follow its own policies and procedures regarding this matter.

18) As a result of this incident, Plaintiff was humiliated, degraded and otherwise harmed. She expended substantial sums of money in defending against the false charges.

19) Plaintiff believes this action to be an act of harassment as she had been subjected to an ongoing pattern or practice of harassment during her tenure with the USDA.

20) 20. During the course of her employment, Plaintiff experienced pervasive harassment directed at her as a black woman.

21) On multiple occasions she was subjected to racial epithets and remarks about her skin color including, without limitation, that Plaintiff acted entitled because her ancestors were slaves."

22) Plaintiff brought these and other remarks to the attention of the Agency. No effective remedial measures were enacted to stop the harassment.

23) Instead of stopping the harassment, Plaintiff was required to sit directly in front of her white co-worker who was directing racial comments and other sarcastic and degrading remarks toward Plaintiff.

24) The behavior became so outrageous, that Plaintiff requested security to be present daily because she did not feel safe. Eventually Plaintiff was moved a little further from the harassing co-worker, but they still sat on the same row and Plaintiff continued to feel threatened.

25) Plaintiff exhausted her administrative remedies by contacting her EEO counselor on or about May 16, 2017. She was given her notice of right to file formal complaint on July 28, 2017. She received her FAD on December 12, 2019.

26) As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury and lost enjoyment of life.

### COUNT 1: RACE DISCRIMINATION – DISPARATE TREATMENT
### ALL DEFENDANTS

27) Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1-26.

28) Plaintiff, a black female, is a member of a protected class.

29) She was qualified for the position she held at the USDA and met her employer's legitimate performance expectations.

30) Plaintiff suffered adverse job actions when management:

a. Issued Plaintiff a citation for defacing property and impeding the performance of official duties of a governmental employee.

b. Failed to follow the Agency protocols, processes and policies in the investigation of these matters.

c. Publicly humiliated plaintiff essentially calling her a thief in a manner that her co-workers were aware.

d. Refuse to give effectively remediate the harassment that was occurring.

e. Other events as set forth in the Statement of Facts.

31) The Agency and Management Officials treated similarly situated Caucasian employees more favorably than Plaintiff.

32) As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury and lost enjoyment of life.

## COUNT 2: RACIALLY HOSTILE ENVIRONMENT
### All Defendants

33) Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1-.26.

34) During the course of Plaintiff's employment with the defendant, Plaintiff experienced a racially hostile environment in that:

a. Plaintiff was subjected to harassment;

b. The harassment was unwelcome;

c. The harassment was based upon Plaintiff's race;

    d. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive; and

    e. At the time the harassment occurred and as a result of it, Plaintiff believed the work environment to be hostile or abusive.

    f. Defendants knew or should have known of the harassment; and

    g. Defendants failed to take prompt, appropriate corrective action to end the harassment.

    35) As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury and lost enjoyment of life.

## COUNT 3: HOSTILE ENVIRONMENT BASED ON SEX
### All Defendants

    58) Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1-.26.

    59) During the course of Plaintiff's employment with the defendant, Plaintiff experienced a hostile environment based on sex in that:

    a. Plaintiff was subjected to harassment;

    b. The harassment was unwelcome;

    c. The harassment was based upon Plaintiff's race;

    d. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive; and

e. At the time the harassment occurred and as a result of it, Plaintiff believed the work environment to be hostile or abusive.

f. Defendants knew or should have known of the harassment; and

g. Defendants failed to take prompt, appropriate corrective action to end the harassment.

63. As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury and lost enjoyment of life.

## COUNT 5: RETALIATION
**All Defendants**

60) Plaintiff hereby incorporates by this reference each and every allegation found in paragraphs 1-53.

61) Plaintiff complained to defendants her concerns that she was being discriminated against. She also attended mediation of those complaints and subsequent to that mediation, began to experience retaliation as a resu..

62) Plaintiff reasonably believed that Plaintiff was being harassed and / or discriminated against on the basis of race and sex or age.

63) Defendant engaged in adverse actions against the Plaintiff including that they:

a. Issued Plaintiff a citation for defacing property and impeding the performance of official duties of a governmental employee.

b. Failed to follow the Agency protocols, processes and policies in the investigation of these matters.

c. Publicly humiliated plaintiff essentially calling her a thief in a manner that her co-workers were aware.

d. Refuse to give effectively remediate the harassment that was occurring. As a direct and proximate result of the conduct of Defendnats and the conduct of the supervisors and managers, acting within the course and scope of their employment, plaintiff suffered grievous injury and damage including, but not limited to past, present and future medical and psychiatric expense, lost wages, lost benefits, lost earning capacity mental anguish and pain including humiliation, embarrassment, depression, anxiety, anger and lost enjoyment of life

e. Other events as set forth in the Statement of Facts.

64) Plaintiff's complaints of racial and sex based harassment and / or discrimination were contributing and / or motivating factors in the adverse actions taken against Plaintiff.

65) As a direct and proximate result of the conduct of Defendants and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury and lost enjoyment of life.

WHEREFORE, Plaintiff respectfully prays that this court:

A. Issue judgment against the defendants for all the damages that plaintiff has incurred, including without limitation, physical and personal injury, emotional distress, back pay,

future pay, lost earnings, lost earning capacity, special damages, and all compensatory damages to which the plaintiff is entitled;

      B.      Issue judgment against the defendants for equitable or injunctive relief;

      C.      Issue judgment against the defendants, or any defendant, for punitive and / or statutory damages to which the plaintiff may be entitled due to the defendants' intentional violation of the rights of the plaintiff;

      D.      Award plaintiff her reasonable attorneys' fees, costs and expenses;

      E.      Award to plaintiff any and all such further relief as may be equitable and just.

Respectfully submitted,

RANDLES MATA, LLC

*/s/ Rebecca M. Randles*
Rebecca M. Randles, MO#. 40149
851 NW 45th Street, Suite 310
Kansas City, MO 64116
(816) 931-9901; (816) 931-0134 fax
rebecca@randlesmatalaw.com

ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S DEMAND FOR A JURY TRIAL**

Plaintiff demands a trial by jury on all issues.